(No. 1845— ▮▮▮▮▮▮▮▮▮▮)

BISHOP CONSTRUCTION Co., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 8, 1931.*

BISHOP CONSTRUCTION Co., pro se.

OSCAR E. CARLSTROM, Attorney General; CARL I. DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE CLARITY delivered the opinion of the court:

It appears that claimant submitted a bid for certain road construction work on State Bond Issue Route 130-A. Subsequently the claimant received a letter of award from the Division of Highways, Department of Public Works and Buildings of the State of Illinois and afterwards a contract was entered upon. The claimant furnished bond as required by law and immediately commenced performance under said contract until the 8th day of October, A. D. 1931, when the claimant received notice through the Division of Highways, Department of Public Works and Buildings that no payment could be made for work done under said contract for the reason that the "Prevailing Wage Law" under which said contract had been let, was held to be invalid and void by the courts of this State and that in event claimant proceeded further under said contract it did so at its own peril.

It appears that the Division of Highways of the State of Illinois formed an opinion that claimant was damaged through no fault of the claimant and therefore a stipulation of fact and damage was entered into between claimant and the State of Illinois Department of Public Works and Buildings, by H. H. Cleveland, Director, and Frank T. Sheets, Chief Highway Engineer. In said stipulation it was agreed that the facts set forth in the declaration of the claimant are true and

correct; that said claimant suffered material damage by reason of cancellation of the road construction contract; that on account, of the Act under which this contract was made was declared invalid by the Supreme Court of the State of Illinois and that the department would be unable to make any payments on the general appropriation for work performed under said contract or award.

It further appears according to said stipulation that the fair, just and reasonable value of the work done and the damages incurred by claimant in its performance under the said invalid road construction contract should be properly considered to the sum of Three Thousand Four Hundred Eighty-four and 72/100 ($3,484.72) Dollars, as accurately itemized by the statement of claim; that said claimant under said stipulation agrees to accept the sum of ($3,484.72) Three Thousand Four Hundred Eighty-four and 72/100 Dollars in full and complete settlement for any and all work performed and damage incurred by reason of its performance under said invalid road construction contract.

The said stipulation was duly executed and signed by claimant by its president and the Department of Public Works and Buildings, Division of Highways of the State of Illinois, by H. H. Cleveland, Director, and Frank T. Sheets, Chief Highway Engineer, and approved by Oscar E. Carlstrom, Attorney General of Illinois.

Therefore, it is the opinion of the court that this claim has been considered fairly and justly by the State of Illinois through its proper officers and in view of same and the recommendations indicated by said stipulation, this court recommends that claimant be allowed and awarded the sum of $3,484.72.